IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Loretta Flores, | ) | |
|     Plaintiff, | )<br>)<br>) | |
| v. | ) | No.   10 C 7374 |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | )<br>)<br>)<br>) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Loretta Flores, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Loretta Flores ("Flores"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed for a Walmart/GE Money Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRA is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRA conducts business in Illinois.

6. Moreover, Defendant PRA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRA acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Flores is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Walmart/GE Money Bank credit card. At some point in time after that debt became delinquent, it was purchased by Defendant PRA, and when PRA began trying to collect this debt from Ms. Flores, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions.

8. On July 31, 2010, one of Ms. Flores' attorneys at LASPD informed PRA, in writing, that Ms. Flores was represented by counsel, and directed PRA to cease

contacting her, and to cease all further collection activities because Ms. Flores was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant PRA sent a collection letter, dated August 6, 2010, directly to Ms. Flores, which demanded payment of the Walmart/GE Money Bank debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, on September 24, 2010, Ms. Flores' LASPD attorney had to send Defendant PRA another letter, to direct it again to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant PRA's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Flores', agent, LASPD, told Defendant PRA to cease communications and cease collections (Exhibit C). By continuing to

communicate regarding this debt and demanding payment, Defendant PRA violated § 1692c(c) of the FDCPA.

16. Defendant PRA's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant PRA knew that Ms. Flores was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant PRA to cease directly communicating with her. By directly sending Ms. Flores, a collection letter, despite being advised that she was represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

20. Defendant PRA's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Loretta Flores, prays that this Court:

1. Find that Defendant PRA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Flores, and against Defendant PRA, for

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Loretta Flores, demands trial by jury.

Loretta Flores,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 16, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com